# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIE GENE RUFF, | CASE NO. 07-CV-962 – IEG (CAB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR FINDING OF DEFAULT AND ENTRY OF DEFAULT JUDGMENT** |
| vs. | |
| M. RAMIREZ; N. BROWN; S. A. THOMAS; T. JUAREZ, | **[Doc. No. 11]** |
| Defendants. | |

Presently before the court is a motion for finding of default and an entry of default judgment filed by Willie Gene Ruff ("plaintiff"). (Doc. No. 11.) For the following reasons, the court denies plaintiff's motion.

## BACKGROUND

On May 25, 2007, plaintiff, a prisoner proceeding pro se, filed a four-count complaint against M. Ramirez, N. Brown, S. A. Thomas, and T. Juarez (collectively "defendants"), pursuant to 42 U.S.C. §1983. (Doc. No. 1.) Along with his §1983 complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* ("*IFP*"), which the court granted. (Doc. Nos. 2, 3.) On July 13, 2007, the U.S. Marshal's Service mailed the complaint and a request for waiver of service to each defendant, as directed by plaintiff. (Doc. No. 4, 5.) On August 13, 2007, each defendant mailed a signed waiver of service of summons, which was received and filed by the Clerk of Court on August 16, 2007. (Doc. Nos. 6, 7, 8, 9.) On August 17, 2007, plaintiff filed the instant motion, requesting the court enter

1  default against defendants because they failed to timely file a responsive pleading as required by Fed.
2  R. Civ. P. 12(a). (Doc. No. 11.)

### DISCUSSION

Default, which is governed by Fed. R. Civ. P. 55, is a two-step procedure. First, there must be an entry of default and, afterwards, the plaintiff can file a motion for an entry of default **judgment**. Fed. R. Civ. P. 55; 10 Moore's Federal Practice – Civil §55.10[1] (2007). An entry of default requires a showing by the plaintiff that the defendant has "failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] . . . ." Fed. R. Civ. P. 55. Thus, the court must first determine if defendants have failed to abide by the rules governing timely responses and appearances before it can enter default against them.

Pursuant to Fed. R. Civ. P. 4(d), a plaintiff may request a defendant waive service of summons and must give a defendant "a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent . . . ." Fed. R. Civ. P. 4(d)(2)(F). Where a defendant timely returns a waiver, the defendant has 60 days from the date on which the request for waiver was sent to file a responsive pleading to the complaint. Fed. R. Civ. P. (d)(3); Fed. R. Civ. P. 12(a). Here, the waivers of service that were filed establish that each defendant signed and mailed the waiver on August 13, 2007, which is 30 days after the request for waivers were mailed on July 13, 2007. (Doc. Nos. 6, 7, 8, 9.) Defendants have timely and properly waived service of summons. Therefore, pursuant to the Federal Rules of Civil Procedure, defendants had 60 days from July 13, 2007 (i.e. September 11, 2007) in which to file an answer or otherwise respond to plaintiff's complaint. On September 4, 2007, defendants filed an answer to plaintiff's complaint, one week prior to the expiration of the 60 day time limit granted by their waiver of service.[1] (Doc. No. 14.) Accordingly, defendants met the deadlines set for in the Federal Rules of Civil Procedure. Therefore, entry of default is inappropriate. Because there can be no entry of default in this case, it follows that entry of default judgment is also inappropriate.

///

---

[1] Defendants also filed a motion to revoke plaintiff's IFP status on August 28, 2007. (Doc. No. 12.)

**CONCLUSION**

For the foregoing reasons, the court **DENIES** plaintiff's motion for finding of default and entry of default judgment.

**IT IS SO ORDERED.**

**DATED: September 19, 2007**

*(signature)*

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California