# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE GENE RUFF, CDCR #C-83049,<br><br>                                     Plaintiff,<br><br>vs.<br><br>M. RAMIREZ; N. BROWN; S.A. THOMAS; T. JUAREZ,<br><br>                                   Defendants. | Civil No.   07-0962 JLS (CAB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY FULL CIVIL FILING FEE AND REVOKING ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**[Doc. No. 12]** |

## I.   PROCEDURAL HISTORY

On May 25, 2007, and while incarcerated at California State Prison ("CAL") in Calipatria, California, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges several CAL officials violated his Eighth Amendment rights by failing to adequately address his serious medical needs and forcing him to work under conditions which posed a dangerous risk to his compromised physical condition. (*See* Compl. at 3-11.) Plaintiff seeks both general and punitive damages. (*Id.* at 14.)

Along with his Complaint, Plaintiff submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

1    Pursuant to 28 U.S.C. § 1914(a), "[p]laintiffs normally must pay $350 to file a civil
2 complaint in federal district court," but 28 U.S.C. § 1915(a)(1) "allows the district court to waive
3 the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*,
4 493 F.3d 1047, 1051 (9th Cir. 2007). However, pursuant to the Prison Litigation Reform Act
5 ("PLRA"), filing fees for indigent prisoners are not waived. *Id.* at 1052. Prisoners may still
6 be granted leave to proceed IFP, but in addition to an affidavit showing an inability to pay, *see*
7 28 U.S.C. § 1915(a)(1), they must provide certified copies of their prison trust account
8 statements, *id.* § 1915(a)(2), and must pay an initial partial filing fee calculated pursuant to
9 statute and dependent on ability to pay. *Id.* § 1915(b)(1), (2) & (4). Most significantly,
10 prisoners, unlike other litigants granted leave to proceed IFP, remain obligated to pay the entire
11 $350 balance of fees owed in installments. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*
12 *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

13    On June 12, 2007, this Court found Plaintiff had submitted an affidavit which complied
14 with 28 U.S.C. § 1915(a)(1), and that he had attached a certified copy of his prison trust account
15 statement showing insufficient funds with which to pay any initial partial filing fees pursuant
16 to 28 U.S.C. § 1915(b)(4). (*See* June 12, 2007 Order [Doc. No. 3] at 2.) Therefore, Plaintiff was
17 granted leave to proceed IFP, but the California Department of Corrections and Rehabilitation
18 ("CDCR") was simultaneously to collect the $350 civil filing fees from Plaintiff's prison trust
19 account in installments and forward them to the Clerk pursuant to 28 U.S.C. § 1915(b)(1). (*Id.*)
20 In the same Order, the Court screened Plaintiff's Complaint as required by 28 U.S.C.
21 § 1915(e)(2) and § 1915A(b), determined that his allegations were sufficient to survive initial
22 review, and directed the United States Marshal to effect service upon Defendants on Plaintiff's
23 behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(2). (*Id.* at 2-4.)

24 **II.   DEFENDANTS' MOTIONS**

25    On August 28, 2007 and August 29, 2007, Defendants filed a Motion and Amended
26 Motion "Requiring Plaintiff to Pay Filing Fee due to his Three-Strike Status" [Doc. Nos. 12, 13].
27 Defendants essentially ask the Court to revoke that part of its June 12, 2007 Order granting
28 Plaintiff leave to proceed IFP and to instead Order Plaintiff to pay the entire $350 civil filing

1  mandated by 28 U.S.C. § 1914(a) in *full*, rather than in installments, before permitting him to
2  proceed with the prosecution of his case. Specifically, Defendants argue that Plaintiff is *not*
3  entitled to IFP status based on his previous litigation history. *See* 28 U.S.C. § 1915(g).

4  Plaintiff has filed a Response to Defendants' Motion [Doc. No. 18], to which Defendants
5  have filed a Reply [Doc. No. 19]. While the Court initially set a hearing date of October 9, 2007,
6  it has vacated that hearing date, finding the matter suitable for decision on the papers as
7  submitted and no oral argument required. *See* S.D. CAL. CIVLR 7.1(d)(1).

## III. 28 U.S.C. § 1915(g)'S "THREE STRIKES" PROVISION

"In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United States Code, which allows certain impoverished litigants to pursue civil litigation without the full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The objective of § 1915(g), which has become known as the "three strikes" provision, *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim.'" *Id.* Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

/ / /

1        "[A]lthough prisoners [seeking permission to proceed IFP] must demonstrate that they are unable to pay the filing fee with an affidavit and submission of their prison trust account records [at the time they submit their Complaint for filing], Congress did not require prisoners to declare that § 1915(g) does not bar their request to proceed IFP." *Andrews*, 398 F.3d at 1119. However, when considering a prisoner's application to proceed IFP, this court does take sua sponte judicial notice of its own docket, as well as the dockets of other federal courts, and from those records can occasionally determine that the prisoner is not eligible for IFP status. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). This is possible because "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g), and therefore counts as a strike." *Andrews*, 398 F.3d at 1120.

       However, the court must "consider[] the underlying court orders or mak[e] an independent assessment of whether the prior cases were frivolous or malicious or failed to state a claim" before denying the prisoner leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121. The court must also cite the specific case names, numbers, districts and dates of dismissal for each civil action it considers a "strike" or "prior occasion." *Id.* (citing *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)).

       If the court's review of previous court dockets and underlying dismissal orders is sufficient to show that the prisoner has 3 strikes, it "place[s] [the prisoner] on notice of ... disqualification [for IFP status] under § 1915(g)," by denying his IFP motion, but granting him leave to proceed by prepaying the entire filing fee. *Andrews*, 398 F.3d at 1120. "However, in many instances, the docket records [alone] will not reflect the basis for dismissal." *Id.* In that case, Plaintiff is granted IFP status, and the "initial production burden" lies with the Defendants who may not simply "rest on the fact of dismissal," but rather must "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior

1  actions that were dismissed because they were 'frivolous, malicious, or fail[ed] to state a claim.'"
2  *Id.* "Once Defendants have met this initial burden, the burden then shifts to the prisoner, who
3  must attempt to rebut the defendants showing by explaining why a prior dismissal should not
4  count as a strike." *Id.*

5  The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
6  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
7  12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). A
8  case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no
9  basis in law or fact." *Id.* (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325
10 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is
11 frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact ....
12 [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal
13 conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with
14 the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation
15 omitted).

16 **IV.   ARGUMENTS**

17 Defendants claim Plaintiff's IFP status must be revoked, and therefore he must pay the
18 entire $350 civil filing fee in one lump-sum in order to prosecute this civil action he has filed "at
19 least *four* cases since he has been a prisoner that qualify as 'strikes'" under 28 U.S.C. § 1915(g).
20 *See* Defs.' Amend. Mot. [Doc. No. 12-3] at 3-4. They are: (1) *Ruff v. Rosario*, E.D. Cal. Civil
21 Case No. 94-00956-DFL-GGH; (2) *Ruff v. Smith, et al.,* E.D. Cal. Civil Case No. 95-05771-
22 REC-DLB; (3) *Ruff v. Gehricke*, E.D. Cal. Civil Case No. 96-05178-GEB-HCB; and (4) *Ruff v.
23 Terhune*, N.D. Cal. Civil Case No. 98-21236-JW. *Id.* Defendants have lodged copies of the
24 dockets in these cases, as well as copies of each court's orders of dismissal, and ask this Court
25 to take judicial notice of these records. *See* Defs.' Req. for Judicial Notice [Doc. No. 12-2], Exs.
26 1-13; *Andrews*, 398 F.3d at 1120; *Robinson Rancheria Citizens Council,* 971 F.2d at 248.
27 / / /
28

1  In his Opposition, Plaintiff does not "show or explain" how or why these four previous
2 dismissals should not count as "strikes" against him. *See Andrews*, 398 F.3d at 1120. Nor does
3 Plaintiff claim to qualify for § 1915(g)'s exception for prisoners who, at the time of filing are
4 "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v.*
5 *Cervantes*, 493 F.3d 1047, 1049-50 (9th Cir. 2007). Instead, Plaintiff attacks the
6 constitutionality of § 1915(g) on its face--arguing that the PLRA's three-strikes rule violates
7 both the due process and equal protection clauses of the Fourteenth Amendment. (Pl.'s Opp'n
8 at 3-10.)

9 **V.     DISCUSSION**

10  First, the Court finds Plaintiff's constitutional challenge to § 1915(g) is expressly
11 foreclosed by Ninth Circuit precedent. In *Rodriguez*, 169 F.3d at 1179-81, the Court specifically
12 found that section 1915(g) does *not* violate a prisoner's right to access to the courts, due process
13 or equal protection. *See Id.* Nor does it violate separation of powers principles or operate as an
14 ex post facto law. *Id.* at 1181-82. In fact, every Circuit to have considered the validity of
15 § 1915(g) on due process and equal protection grounds has concluded the same. *See, e.g., White*
16 *v. Colorado*, 157 F.3d 1226 (10th Cir. 1998); *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998);
17 *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997).

18  Second, while Defendants are correct to note that "Plaintiff does not dispute the fact that
19 he is a three-strike litigant," *see* Defs.' Reply at 1; *Andrews*, 398 F.3d at 1120, this Court must
20 nevertheless review "the underlying court orders" identified by Defendants and "make an
21 independent assessment of whether [these] prior cases were frivolous, malicious or failed to state
22 a claim," before revoking Plaintiff's IFP privilege. *Andrews*, 398 F.3d at 1121.

23  The Court has confirmed that three of the four previous cases filed by Plaintiff and cited
24 by Defendants qualify as "strikes" under § 1915(g). In *Ruff v. Gehricke*, E.D. Cal. Civil Case
25 No. 96-05178-GEB-HCB, United States Magistrate Judge Holland G. Best issued Findings and
26 Recommendations ("F&Rs") on March 5, 1996 pursuant to 28 U.S.C. § 636(b)(1)(B).
27 Magistrate Judge Best granted Plaintiff's request to proceed IFP, but found Plaintiff's Complaint
28 / / /

subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(d)[1] insofar as it "lack[ed] arguable substance in law and fact." (*See* Def.s' Ex. 10, citing *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).) Specifically, Judge Best noted that Plaintiff's Complaint, alleging unauthorized deprivation of Plaintiff's quarterly care packages by three California Correctional Institute officials, did "not constitute a violation of the procedural requirements of the Fourteenth Amendment," because California's Tort Claims Act provided him with a meaningful post-deprivation remedy. (*Id.*, citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).) Therefore, Judge Best recommended the action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(d). (*Id.*) On April 25, 1996, United States District Judge Garland E. Burrell, having received no objections in response from Plaintiff, adopted Judge Best's March 5, 1996 F&Rs and dismissed Plaintiff's action with prejudice. (*See* Defs.' Ex. 11.) Thus, this case qualifies as a "strike" under § 1915(g) because it shows that on one "prior occasion" while he was incarcerated, Plaintiff "brought an action ... in a court of the United States that was dismissed on the grounds that it [wa]s frivolous." 28 U.S.C. § 1915(g).

The Court also finds that *Ruff v. Rosario*, E.D. Cal. Civil Case No. 94-0956-DFL-GGH qualifies as a strike under § 1915(g). In this case, Magistrate Judge Gregory G. Hollows entered an Order on March 10, 1995 which granted Plaintiff leave to proceed IFP, but which also dismissed his Complaint. (*See* Defs.' Ex. 2 at 0003-0005.) Specifically, Judge Hollows found Plaintiff's pleading failed to comply with both FED.R.CIV.P. 8(a)(2) insofar as it "d[id] not contain a short and plain statement of the claim," and FED.R.CIV.P. 11 to the extent it made "broad, ultimate conclusions that paint[ed] all defendants with the same retaliation," yet did not

---

[1] Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez v. Smith*, 203 F.3d 1122, 1126, 1130 (9th Cir. 2000) (en banc); *Neitzke*, 490 U.S. at 326-27 (holding that former § 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim). However, effective April 26, 1996, the PLRA amended and re-codified former § 1915(d) as § 1915(e)(2)(B) to further require sua sponte dismissal of IFP cases if "the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary releif against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

reveal any "basis in fact to named a particular defendant as a participant in an act of retaliation." (*Id*. at 0005.) Judge Hollows further found that Plaintiff's "references to 'successors-in-office'" were "insufficient to place any individual on notice in his or her individual capacity that he or she [wa]s being sued, or what actions they took that violated federal law." (*Id*.) Thus, Judge Hollows concluded that Plaintiff's claims must be "*dismissed as frivolous*, with leave to amend." (*Id*. (emphasis added).) Plaintiff was specifically cautioned that his failure to file an amended complaint would result in dismissal of the action. (*Id*.) When Plaintiff failed to amend or otherwise respond, Judge Hollows entered findings and recommended that Plaintiff's action be dismissed on June 7, 1995. (*Id.* Ex. 4 at 0007-0008.)

On July 26, 1995, having received no objections, United States District Judge Davis F. Levi adopted Judge Hollows' June 7, 1995 F&R "in full" and dismissed the action "without prejudice." (*Id.* Ex. 5 at 0010-0011, citing E.D. Cal. Local Civil Rule 110 and FED.R.CIV.P. 41(b)). Thus, while Judge Hollows' final order of dismissal refers only to Plaintiff's failure to prosecute, which is not *by itself* within the ambit of § 1915(g), *see Yellen v. Mueller*, 61 Fed.Appx. 446, 2003 WL 1900728 (9th Cir. 2003) (unpub.); *cf. Butler v. Dept. of Justice*, 492 F.3d 440, 443-44 (D.C. Cir. 2007) (concluding that "a dismissal for failure to prosecute ... *made without regard to the merits of the claim*" is not a strike under § 1915(g) (emphasis added)), Plaintiff's Complaint in *Ruff v. Rosario* would have proceeded were it not for Magistrate Judge's Hollow's initial determination that Plaintiff's complaint, as submitted and unless amended, was "frivolous." (*See* Defs.' Ex. 2 at 0003-0005.) Therefore, because this action would have proceeded had it not been for Judge Hollows' initial dismissal for frivolousness, this Court finds that *Ruff v. Rosario* qualifies as Plaintiff's second "strike" under 28 U.S.C. § 1915(g). *See Thompson v. DEA*, 492 F.3d 428, 433 (D.C. Cir. 2007).[2]

---

[2] In *Thompson*, the District of Columbia Circuit specifically rejected the argument that an appeal, dismissed for "want of prosecution," could not constitute a "strike" under § 1915(g). *Thompson*, 492 F.3d at 433. There, Thompson, had previously brought an IFP appeal in the Eleventh Circuit which was denied by a single appellate judge as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). *Id.* The judge, however, granted Thompson 35 days to file a motion for reconsideration. When that time passed without a response, the Eleventh Circuit dismissed his appeal "for want of prosecution." *Id.* However, when Thompson argued to the D.C. Circuit that his Eleventh Circuit appeal "should not count as a strike because the Eleventh Circuit formally dismissed it for failure to prosecute, rather than for

1   For similar reasons, *Ruff v. Smith*, E.D. Cal. Civil Case No. 95-05771-REC-DLB (*see*
2 Defs.' Exs. 5-8), also qualifies as a "strike" under § 1915(g). On this "prior occasion," *see* 28
3 U.S.C. § 1915(g), Magistrate Judge Dennis L. Beck entered an Order, dated October 27, 1995,
4 which granted Plaintiff leave to proceed IFP, but simultaneously dismissed his Complaint, filed
5 pursuant to 42 U.S.C. § 1985 and 18 U.S.C. § 1964, "as *frivolous* in its present incarnation as
6 a Civil RICO action." (*Id.* Ex. 6 at 0016 (emphasis added).) While Judge Beck granted Plaintiff
7 leave to amend his pleading, Plaintiff filed no Amended Complaint or any other response to the
8 Court's Order. Therefore, on December 13, 1995, Judge Beck entered Findings and
9 Recommendations that the action "be dismissed without prejudice." (*Id.* Ex. 7 at 0018-0019.)
10 On March 14, 1996, United States District Judge Robert E. Coyle, receiving no amended
11 complaint or objections by Plaintiff to Judge Beck's F&R, adopted its findings and reasoning
12 "in full" and ordered that Plaintiff's action be dismissed. (*Id.* Ex. 8 at 0021-0022.) Thus,
13 because Plaintiff's underlying Complaint was specifically found to be "frivolous," and he failed
14 to correct the deficiencies of pleading identified by the Magistrate Judge, this Court concurs that
15 U.S. District Judge Coyle's final order of dismissal is necessarily premised on Plaintiff's
16 frivolous complaint. Thus, *Ruff v. Smith* qualifies as Plaintiff's third "strike" under § 1915(g).

17   In addition, while it is not cited by Defendants, the Court has independently verified that
18 Plaintiff has a fourth, and more recent "strike" against him. *See Andrews*, 398 F.3d at 1120. In
19 *Ruff v. Duncan*, E.D. Cal. Civil Case No. 04-05721-OWW-SMS, United States Magistrate Judge
20 Sandra M. Snyder entered an Order on May 23, 2006 dismissing Plaintiff's Amended Complaint
21 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and (2).
22 Magistrate Judge Snyder granted Plaintiff leave to amend, directed the Clerk to provide Plaintiff
23 with a blank civil rights complaint form, and notified him that his failure to file an amended
24 complaint which cured the deficiencies of pleading identified by the Court or to notify the Court
25 in writing that he did not wish to pursue the action, but instead, wished to "voluntar[i]ly dismiss
26 the case," would result in a recommendation that his complaint be dismissed "pursuant to Local

---

28 frivolousness," the D.C. Circuit rejected his argument as "hyper-technical," concluding that "[b]ut for the judge declaring it frivolous, ... Thompson's appeal would have gone forward." *Id.* Thus, the Court regarded Thompson's Eleventh Circuit appeal "as [his] second strike." *Id.*

Rule 11-110."[3] (See *Ruff v. Duncan*, E.D. Cal. Civil Case No. 04-05721-OWW-SMS (May 23, 2006 Order Dismissing Amended Complaint [Doc No. 9].) When Plaintiff failed to respond in any way to Judge Snyder's Order, she issued findings and recommended that Plaintiff's complaint be dismissed "pursuant to Local Rule 11-110, for plaintiff's failure to obey the court's order of May 23, 2006, *and for failing to state a claim upon which relief can be granted.*" (*Id.* (July 31, 2006 F&R [Doc. No. 10] at 3 (emphasis added).) After Plaintiff filed no objections or other response to the F&R, United States District Judge Oliver W. Wanger entered an Order Adopting the F&R in full and dismissing the complaint "pursuant to Local Rule 11-110, for plaintiff's failure to obey the court's order of May 23, 2006, *and for failing to state a claim upon which relief can be granted.*" (*Id.* (Oct. 3, 2006 Order [Doc No. 11] at 2.)

Thus, because Defendants have shown and the Court has confirmed that Plaintiff has, on three or more "prior occasions" while incarcerated, had civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim, he is not entitled to proceed IFP in this action. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-1121; *Rodriguez*, 169 F.3d at 1180 ("[Section] 1915(g) does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.").[4]

**VI.   CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1)      Defendants' Motion for Order Requiring Plaintiff to Pay the $350 Civil Filing Fee required by 28 U.S.C. § 1914(a) [Doc. No. 12] is GRANTED.

---

[3] E.D. CAL. LOCAL CIVIL RULE 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court."

[4] Because the Court has determined that Plaintiff has four other "strikes" against him, it need not determine whether *Ruff v. Terhune*, N.D. Cal. Civil Case No. 98-21235-JW (*see* Defs.' Exs. 12-13), should be counted as yet another "strike" against him pursuant to 28 U.S.C. § 1915(g). In this case United States District Judge James Ware cited 28 U.S.C. § 1915A(b)(1) and (2)'s screening requirement, but ultimately dismissed Plaintiff's Complaint pursuant to 42 U.S.C. § 1997e(a), the PLRA's "physical injury requirement." (*See* Defs.' Ex. 13 at 0036-0037.) While Judge Ware included a footnote suggesting that Plaintiff's "involuntary labor" claims were insufficient to show any Constitutional violation, the Court did not expressly dismiss the case as frivolous, malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

2) Plaintiff's IFP status is REVOKED pursuant to 28 U.S.C. § 1915(g), and the Court's June 6, 2007 Order granting Plaintiff's Motion to Proceed IFP [Doc. No. 3] is VACATED to the extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2).

IT IS FURTHER ORDERED that:

3) This action is DISMISSED for failure to pay the entire $350 civil filing in one lump sum as required by 28 U.S.C. § 1914(a). To re-open the case and proceed on the merits with his claims, Plaintiff must, within sixty (60) days from the date this Order is filed, submit the entire $350 civil filing fee the Clerk of Court. If Plaintiff fails to do so, this action shall remained DISMISSED and the docket shall remain closed without further Order of the Court.

4) The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

DATED: November 28, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge